IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard D. Ridley, ) | C/A No.: 1:21-997-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Errin Gaffney, Facility ) | ORDER |
| Administrator; Dr. Michele Dube, ) | |
| Clinical Director; and Nurse C. ) | |
| Nickles, Medical Director, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Richard D. Ridley ("Plaintiff") is a resident of the South Carolina Sexually Violent Predator Treatment Program ("SVPTP").[1] Proceeding pro se and in forma pauperis, he filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [*See, e.g.*, ECF No. 1 at 20]. He also alleges that his involuntary confinement under the SVPA violates the "Anti-Slavery laws of the United States and South Carolina" and that the SCDMH violated the non-delegation doctrine by contracting with Wellpath to operate the program. *Id.*

---

[1] The SVPTP is the facility of the South Carolina Department of Mental Health ("SCDMH") established pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170 ("SVPA"). On December 1, 2016, the operation of the SVPTP was transferred via a management contract from the SCDMH to Correct Care of South Carolina, LLC ("CCSC"), now known as Wellpath. [*See* ECF No. 29 at 1].

Plaintiff names as defendants the following Wellpath employees: facility administrator Errin Gaffney ("Gaffney"), clinic director Dr. Michele Dube ("Dube"), and medical director Nurse C. Nickles ("Nickles") (collectively, "Defendants"). As to these Defendants, Plaintiff alleges that Dube placed a "false allegation" regarding his sexually-deviant behavior in his treatment records and refused to allow him to move to another wing of the SVPTP facility. Plaintiff alleges after he filed a complaint against Dube regarding his records, he was discriminated and retaliated against by not being provided a job, even after repeated attempts. Plaintiff alleges Gaffney is responsible for the institution being short-staffed and underfunded, and therefore unable to provide appropriate treatment or care to Plaintiff, including sufficient meal portions. Plaintiff further challenges as insufficient Gaffney's response to Covid-19 regarding the air vent systems where he was housed during part of the pandemic.[2] Plaintiff seeks punitive damages, compensatory damages, injunctive relief, and declaratory relief.

This matter comes before the court on Plaintiff's second motion to compel. [ECF No. 49]. Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. The motion having been fully briefed [ECF Nos. 50], it is

---

[2] Plaintiff does not identify any specific action taken by Nickles.

2

ripe for disposition. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

Plaintiff seeks to compel responses to certain requests for production he propounded to Defendants. Defendants have submitted their supplemental responses to Plaintiff's request to produce, sent to Plaintiff on January 12, 2022. [ECF No. 55-1]. In response to each of Plaintiff's requests for production, Defendants state in their supplement as follows:

> Subject to and without waiving Defendants' prior objections, Defendants refer Plaintiff to the 1,016 pages of Wellpath grievance, treatment, and communication records previously produced to him via mail on August 20, 2021.

*See id.* However, in response to Plaintiff's motion to compel, Defendants do not specifically address any of the requests Plaintiff states are deficient or indicate to the court the specific contents of their production. [ECF No. 50].

Plaintiff does not appear to dispute that he is in receipt of this production [ECF No. 49 at 2] but argues that Defendants' production is inadequate in that Plaintiff "has received nothing but his health related medical documents and some of his treatment documents, unrelated to any of the stated causes of action, *id.* at 3.

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Here, Defendant, as the party

3

resisting discovery, has the burden to establish that the information is not relevant or proportional to the needs of the case. *See, e.g., Waters v. Stewart*, C/A No. 4:15-4143-RBH-TER, 2017 WL 770535, at *2 (D.S.C. Feb. 28, 2017). However, "[w]hile the rules allow for a liberal approach to 'relevance' for purposes of discovery, the information sought must still meet the threshold of relevance to a claim or defense asserted." *See, e.g., Rowley v. City of N. Myrtle Beach*, C/A No. 4:06-1873-TLW-TER, 2008 WL 11349763, at *5 (D.S.C. Mar. 18, 2008), on reconsideration, C/A No. 4:07-1636-TLW-TER, 2008 WL 11348728 (D.S.C. May 30, 2008); *see also Cuomo v. Clearing House Assn., LLC*, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through . . . records for evidence of some unknown wrongdoing.").

Review of Plaintiff's requests for production reveal most are not relevant nor proportional to the needs of the case and many are repetitive. However, Plaintiff's request for production to Dube, numbers 2 and 3 are both relevant and proportional to the needs of the case and warrant granting Plaintiff's second motion to compel in part.

The undersigned addresses each category subject to Plaintiff's second motion to compel below:

4

A.  Plaintiff's First Requests for Production to Dube [ECF No. 49-1 at 2–8; *see also* ECF No. 55-1 (Defendants' supplemental response)]

   1.  The complete medical records of plaintiff Richard Ridley.

Plaintiff states he had received some but not all of his records but does not inform the court what is missing or how what is missing is relevant to his claims. Plaintiff's motion to compel is denied as to this request.

   2.  All written documents, statements, memos, emails communications forms, and grievances produced by, about, or referencing Richard Ridley, from January 2019 to May 25, 2021.

Plaintiff states he received nothing pertaining to this request, "not even his own grievances or communication forms." [ECF No. 49 at 6]. Defendants have failed to carry their burden to establish that the requested information is not relevant or proportional to the needs of the case. Plaintiff's motion to compel as to this request is granted to the extent that the requested documents are relevant to the claims at issue.

Plaintiff's requests for production numbers 5, 6, and 7 seeks the same or similar information sought above. Therefore, the court does not address those requests separately.

   3.  All written treatment summaries, to include author's name for plaintiff Richard Ridley, from January 2019 to May 25, 2021. **Note: especially treatment summary produced by Dr. Dube for Plaintiff Sept. 2019**

5

Plaintiff's motion to compel as to this request is granted solely as to the September 2019 written treatment summary, to be redacted as needed to eliminate sensitive and confidential information that could likely pose a security risk if disseminated. Because Plaintiff's Fourteenth Amendment Due Process claim hinges on this document, it is relevant and discoverable.

Plaintiff's requests for production number 8 seeks the same or similar information sought above. Therefore, the court does not address this request separately.

9.  All grievances submitted by any resident in the SVPTP about the actions of the defendant Dr. M. Dube (complaints), for the period of Jan. 2019 to May 25, 2021. * *Note: Resident names can be redacted, yet initials should be provided**

10. All complaints made by other Wellpath employees about the defendant Dr. M. Dube for the period of Jan. 2019 to May 25, 2021. **Note: No names should be redacted, as all Wellpath employees are subject to subpoena in this civil action** bearing on the allegations within Plaintiff's Complaint.

11. Employee file for defendant Dr. M. Dube to include: education and degrees currently held, salary, position, and corresponding dates for all information requested.

As to request number 11, Defendants submit that Dube "is a licensed Doctor of Psychology in good standing with the South Carolina Board of Psychology Examiners." [ECF NO. 49-1 at 5]. Beyond this, Plaintiff's requests are not relevant or proportional to the needs of the case, requesting

6

information about Dube unmoored from any claim made by Plaintiff in the instant case. Accordingly, Plaintiff's second motion to compel is denied as to these requests.

B.  Plaintiff's First Requests for Production to Gaffney [ECF No. 49-1 at 9–17; *see also* ECF No. 55-1 (Defendants' supplemental response)][3]

    1.  Contract between SCDMH and Wellpath Recovery Solutions, that allows Wellpath to operate the SVPTP. \*\*Note: please include the original 2016 Contract and the present one, if changed.\*\*

Plaintiff argues "[t]his was requested as there failure to provide treatment is an issue in plaintiff's complaint." [ECF No. 49 at 3]. Plaintiff is incorrect that his request is relevant or proportional to the needs of this case. Plaintiff's second motion to compel is denied as to this request.

    2.  Any and all complaints filed by ex-employees of the SVPTP, in regard to all aspects of the program. \*\*Note: please include any complaints that were filed with South Carolina Law Enforcement Division (SLED). This is for the period of Jan. 2019 to May 25, 2021 \*\*

Plaintiff's requests are not relevant or proportional to the needs of the case, requesting information about SVPTP unmoored from any claim made by Plaintiff in the instant case. Accordingly, Plaintiff's second motion to compel is denied as to this request.

---

[3] Plaintiff's requests for production numbers 6 and 9 seeks the same or similar to information already addressed by the court. Therefore, the court does not address those requests separately.

> 3. Any and all specifications for the HVAC system in the SVPTP, please also include specifications for filters used, air vents, air conditioning, and internal (between rooms) filtration, and maintenance logs for Jan. 2019 to May 25, 2021.

Plaintiff's requests are not relevant or proportional to the needs of the case, requesting information about the HVAC system unmoored from Plaintiff's specific claim that Defendants violated his rights by housing him in a cell connected to other cells via air vents, allowing the spread of COVID-19. Accordingly, Plaintiff's second motion to compel is denied as to this request.

> 4. Any and all subcontracts to outside entities to obtain medical staff to augment the medical dept. of the SVPTP. (nurses and doctors) **Note: For the period of Jan. 2019 to May 25, 2021**

Plaintiff's requests as to the actual contracts are not relevant or proportional to the needs of the case, particularly where the court has already ordered Defendants to answer Plaintiff's interrogatories concerning the number of employees that have terminated, quit, or resigned between May of 2020 and May of 2021, and as to how many case mangers/clinicians are currently employed by Wellpath in the SVPTP. [ECF No. 43 at 6–10]. Plaintiff's second motion to compel as to this request is denied.

> 5. Any and all guidelines issued by the SCDMH or CDC pertaining to Wellpath protecting residents from contracting the virus, that was utilized by defendant in the interest of protecting the SVPTP population. **Note: This is for Jan. 2019 to May 25, 2021 **

8

Plaintiff's requests are not relevant or proportional to the needs of the case, requesting information about all COVID-19 guidelines unmoored from Plaintiff's specific claim that Defendants violated his rights by housing him in a cell connected to other cells via air vents, allowing the spread of COVID-19. Accordingly, Plaintiff's second motion to compel is denied as to this request.

    7.   Any and all regulations, policies, written procedures and memos that are used in the daily operation of the SVPTP. \*\*Note: please include Resident Handbook for the years 2019, 2020, and 2021\*\*

    8.   All inter-agency memos, documents, and communication forms that pertain to issues, as so stated, in complaint, that should be produced to give the courts clarity. \*\*Note: for the period of Jan. 2019 to May 25, 2021 \*\*

Plaintiff's requests are not relevant or proportional to the needs of the case, requesting all regulations, policies, procedures, memos, documents, and communication forms, unmoored from Plaintiff's specific claims at issue in this case. Accordingly, Plaintiff's second motion to compel is denied as to these requests.

C.   Plaintiff's Second Requests for Production [ECF No. 49-1 at 19–20; *see also* ECF No. 55-1 (Defendants' supplemental response)]

    1.   All statements or any other written or printed documents concerning any claims set forth in this complaint.

    2.   All documents or material that you intend to produce at trial, or to the Court in this complaint.

9

3. All medical policies, procedures, and memos, related to the daily operation of the SVPTP for 2019-2021.

4. All medical reports, memos, or other written material pertaining to the treatment of plaintiff 2019-2021 (May).

5. All grievances, communication forms or complaints, sent to staff by plaintiff for May 2018-May 2021.

6. List of all possible witnesses to claims in complaint, that may or may not be called by you to testify.

7. All contracts pertaining to nurses, doctors or clinicians retained by wellpath bv an outside service.

8. All complaints filed against wellpath with SCDMH, and known to defendant, that pertains to any claim in complaint.

For the reasons already stated above, Plaintiff's second motion to compel is denied as to these requests. Additionally, Plaintiff's requests for trial materials are premature.

In sum, Plaintiff's second motion to compel is granted in part and denied in part. [ECF No. 49]. Plaintiff's request for sanctions is denied. *Id.* at 1. Defendants are directed to provide responses to Plaintiff's requests for production submitted to Dube, numbers 2 and 3, as modified by the court and discussed above, no later than March 16, 2022.

Plaintiff, in his response to Plaintiff's motion for summary judgment, argues Defendants' motion for summary judgment "is clearly premature, as there are several issues outstanding in this civil action" as to Plaintiff's discovery requests. [ECF No. 51 at 2].

The undersigned agrees. *See Goodman v. Diggs*, 986 F.3d 493, 500 (4th Cir. 2021) ("summary judgment should only be granted after adequate time for discovery and should be denied when outstanding discovery requests on material issues exist") (citations omitted)). Plaintiff has until March 30, 2022, to file a response to Defendants' motion for summary judgment, following timely receipt of his requests for production, as discussed above. Defendants are allowed 7 days from Plaintiff filing his opposition to file a reply, to the extent a reply is warranted.

IT IS SO ORDERED.

March 2, 2022                                                        Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge