IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard D. Ridley, | ) | C/A No.: 1:21-997-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Errin Gaffney, Facility | ) | ORDER |
| Administrator; Dr. Michele Dube, | ) | |
| Clinical Director; and Nurse C. | ) | |
| Nickles, Medical Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Richard D. Ridley ("Plaintiff") is a resident of the South Carolina Sexually Violent Predator Treatment Program ("SVPTP"). Proceeding pro se and in forma pauperis, he filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff names as defendants the following Wellpath employees: facility administrator Errin Gaffney ("Gaffney"), clinic director Dr. Michele Dube ("Dube"), and medical director Nurse C. Nickles ("Nickles") (collectively, "Defendants").

This matter comes before the court on Defendants' motion for reconsideration and Plaintiff's motion for extension of time. [ECF Nos. 58, 60]. Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings.

Defendants filed a motion for summary judgment on October 18, 2021, which remains pending. [ECF No. 40]. On March 2, 2022, the court granted in part Plaintiff's second motion to compel, directing Defendants to provide responses to certain of Plaintiff's outstanding discovery requests and allowing Plaintiff until March 30, 2022, to file a response to Defendants' motion for summary judgment. [ECF No. 56].

The next day, Defendants filed a motion for reconsideration of the court's March 2, 2022 order, explaining their response to Plaintiff's second motion to compel was submitted in error and clarifying all outstanding discovery requests, consistent with and beyond that directed by the court in the March 2, 2022 order, had already been submitted to Plaintiff and, in an abundance of caution, would be submitted again. [ECF No. 58, *see also* ECF No. 61, ECF No. 61-1 (discovery letter to Plaintiff dated March 22, 2022)].

The court declines to grant Defendants' motion for reconsideration, where the response to Plaintiff's second motion to compel, now correctly submitted to the court, still does "not specifically address any of the requests Plaintiff states are deficient or indicate to the court the specific contents of their production." [*See* ECF No. 56 at 3, *see also* ECF No. 58-1 ("Defendants produced medical, grievance, and administrative records totaling one thousand and sixteen (1,016) pages")]. Thus, the court's March 2, 2022 order

would have been issued, even if Defendants had submitted the correct response to Plaintiff's second motion to compel.

Turning to Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment, dated March 18, 2022, Plaintiff maintains he has not received the relevant discovery and requests a 30-day extension to respond to Defendants' motion for summary judgment. [ECF No. 60]. In light of Defendants' filings [*see, e.g.*, ECF No. 61-1] and as Plaintiff should now be in receipt of the discovery the court directed Defendants to produce, Plaintiff's motion is granted; however, absent extraordinary circumstances, no further extensions will be allowed.

In sum, Defendants' motion for reconsideration is denied [ECF No. 58] and Plaintiff's motion for extension of time is granted. [ECF No. 60]. Plaintiff has until April 22, 2022, to file an opposition to Defendants' motion for summary judgment. Defendants are allowed to file a reply 7 days after Plaintiff's opposition is filed, to the extent one is warranted.

IT IS SO ORDERED.

March 25, 2022                            Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge