IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard D. Ridley, ) | |
| ) | C/A No. 1:21-997-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Errin Gaffney, Facility Administrator; ) | |
| Dr. Michelle Dube, Clinical Director; and ) | |
| Nurse C. Nickles, Medical Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Richard D. Ridley ("Plaintiff") is a resident of the South Carolina Sexually Violent Predator Treatment Program ("SVPTP"), a facility of the South Carolina Department of Mental Health ("SCDMH"). On April 5, 2021, Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Errin Gaffney ("Gaffney"), Dr. Michelle Dube ("Dube"), and Nurse C. Nickles are violating his rights under the Fourteenth Amendment. In addition, Plaintiff contends the manner of operation of the SVPTP is violating the Anti-Slavery laws of the United States and South Carolina, as well as the South Carolina non-delegation doctrine. Plaintiff seeks damages and injunctive relief. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

## BACKGROUND

Pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 *et seq.* ("SVPA"), the SCDMH and the South Carolina Department of Corrections ("SCDC") entered into an interagency agreement by which residents are housed in a segregated maximum-security location within the Broad River Correctional Institution in Columbia, South Carolina. Plaintiff was civilly committed in 2014 pursuant to the SVPA. Defendants Errin Gaffney, Michelle Dube, and

C. Nickles are or were employed by Wellpath. Wellpath provides licensed medical staff for the SVPTP, nursing services, sex offender treatment services, and access to physicians. Wellpath also provides psychiatric and psychological treatment to the residents of the SVPTP.

On April 5, 2021, Plaintiff filed a complaint alleging Dube placed false information in his clinical record indicating Plaintiff had made sexual advances toward other residents, and that he was subjected to retaliation as a consequence. For example, Plaintiff alleges he was denied a job within the SVPTP and the opportunity to be moved to a less restrictive wing of the SVPTP facility. Plaintiff alleges these actions occurred after he filed an ethical complaint against Dube. In addition, Plaintiff asserts a number of conditions of confinement claims. He states Defendants inadequately responded to the COVID-19 pandemic, the SVPTP does not maintain a sufficient staff of nurses, and he has been provided small portions of food. Plaintiff asserts that Wellpath is cutting costs, which renders him a slave because Wellpath is using his presence to generate profits. Plaintiff further contends that SCDMH violated the nondelegation doctrine by contracting with Wellpath to operate the system.

Defendants filed a motion to dismiss on September 1, 2021 (ECF No. 31). By order issued September 2, 2021, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Defendants filed a motion for summary judgment on October 18, 2021 (ECF No. 40). A second *Roseboro* order was issued on October 19, 2021. Plaintiff filed a response to Defendants' motion to dismiss on November 8, 2021 (ECF No. 45). Plaintiff filed a response to Defendants' motion for summary judgment on December 20, 2021 (ECF No. 51). On January 12, 2022, Defendants filed a reply to Plaintiff's response in opposition to the motion for summary judgment (ECF No. 55). Plaintiff filed a second response in opposition to Defendants' motion for summary

2

judgment on April 29, 2022 (ECF No. 68), to which Defendants filed a reply on May 6, 2022 (ECF No. 70).

On May 18, 2022, the Magistrate Judge issued a Report and Recommendation recommending that the district court grant Defendants' motion for summary judgment, rendering Defendants' motion to dismiss moot (ECF No. 72). Plaintiff filed objections to the Report and Recommendation on June 16, 2022 (ECF No. 80), to which Defendants filed a reply on June 30, 2022.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

A.     Anti-Slavery Claim

The Magistrate Judge recounted that the Thirteenth Amendment prohibits slavery or involuntary servitude "except as punishment for crime whereof the party shall have been duly convicted[.]" U.S. Const. amend. XIII, § 1. The Magistrate Judge noted that Plaintiff appears to challenge, generally, private, for profit incarceration. However, according to the Magistrate Judge, Plaintiff has provided no case law or argument providing a basis for challenging his commitment.

In his objections, Plaintiff again argues that the language of S.C. Code Ann. § 44-48-100(A) limits his confinement to being in the control, care, and treatment of either SCDC or SCDMH pursuant to an interagency agreement. Plaintiff contends that section 44-48-100(A) does not authorize SCDMH to commit sexually violent predators in a facility such as Wellpath, an entity that has the ability to make a profit off the possession of Plaintiff. To the contrary, the South Carolina Mental Health Commission exists as "a body corporate in deed and in law with all the powers incident to corporations[.]" S.C. Code Ann. § 44-9-90. A corporation has the same powers as an individual to make contracts. *Id.* § 33-31-302(7). Plaintiff's objection is without merit.

Plaintiff also asserts he is deprived of his rights under the Thirteenth Amendment because cost-cutting measures such as smaller meals and fewer staff allow Wellpath to increase its profit margin at the expense of Plaintiff's quality of life. Plaintiff states that a prisoner adds value to a corporation:

> through both his own labor: for example, by cleaning his cell, laundering outfits, or serving meals, and his meager living conditions show how even a non-laboring prisoner is a slave, because his body is being used to enrich the corporate owner; **See: Abolishing Private Persons: A Constitutional and Moral Imperative; University of Baltimore Law Review: Vol. 49 Iss. 3, Art. 2 (2020).**

(ECF No. 68, 21) (emphasis in original).

When a person is confined pursuant to a presumptively valid judgment issued by a court of competent jurisdiction, the Thirteenth Amendment prohibition against slavery or involuntary servitude is not violated. *People v. Baldwin*, 175 N.E.3d 1090, 1908 (Ill. 2020). However, as a civilly committed inmate, Plaintiff's custody status most closely resembles that of a pre-trial detainee. *Hamm v. Alexander*, Civil Action No. 9:15-4400-RMG-BM, 2016 WL 11431336, at *6 (D.S.C. Aug. 31, 2016). As such, Plaintiff does not fall within the exception to the prohibition of

slavery or involuntary servitude, because he is not detained "as punishment for crime whereof the party shall have been duly convicted."

"Involuntary servitude or involuntary slavery is a legal and constitutional term for a person laboring against that person's will to benefit another, under some form of coercion, to which it may constitute slavery. While laboring to benefit another occurs also in the condition of slavery, involuntary servitude does not necessarily connote the complete lack of freedom experienced in chattel slavery; involuntary servitude may also refer to other forms of unfree labor. Involuntary servitude is not dependent upon compensation or its amount." https://en.wikipedia.org/wiki/Involuntary_servitude.

In *Ruelas v. County of Alameda*, 519 F. Supp. 3d 636 (N.D. Cal. 2021), a class action was brought by incarcerated individuals, pretrial detainees, and detainees awaiting immigration proceedings. The plaintiffs alleged they and others similarly situated performed unpaid labor for an industrial food preparation services and cleaning for a private, for-profit company that sells food prepared by prisoners to third parties. Some plaintiffs alleged they were forced to work pursuant to threats of punishment, including lengthier sentences and solitary confinement, if they refused. The plaintiffs brought numerous causes of action, including a claim under the Thirteenth Amendment. The *Ruelas* court ruled that plaintiffs who were forced to work before they were convicted – the same status as pretrial detainee that applies to Plaintiff – stated a claim for relief under the Thirteenth Amendment. *See* Fed. R. Civ. P. 12(b)(6).

The court finds *Ruelas* to be distinguishable. Plaintiff's assertion that his mere existence generates profit for Wellpath does not rise to the level of forced, unpaid labor proscribed under the Thirteenth Amendment. Plaintiff's objection is without merit.

B. Nondelegation Claim

The nondelegation doctrine

is a component of the separation of powers doctrine and prohibits the delegation of one branch's authority to another branch. While the legislature may not delegate its power to make laws, it may authorize an administrative agency or board to fill up the details by prescribing rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. Therefore, so long as a statute does not give an agency unbridled, uncontrolled or arbitrary power, it is not a delegation of legislative power.

*Hampton v. Haley*, 743 S.E.2d 258, 264 (S.C. 2013) (internal citations omitted).

The Magistrate Judge determined the nondelegation doctrine is inapplicable because it is limited to the ability of the legislative branch to enact laws. The Magistrate Judge further concluded that Plaintiff offered no evidence or argument that the state legislature's delegation of its treatment authority, which SCDMH contracted out to Wellpath, violates this doctrine. Plaintiff's objection essentially restates his position that, under the SVPA, he at all times must be in the custody of either SCDMH or SCDC.

The legislature mandated, among other things, SCDMH create a governing board known as the South Carolina Mental Health Commission consisting of seven members appointed by the Governor, upon the advice and consent of the Senate. Among other things, the Commission is tasked to "determine policies and promulgate regulations governing the operation of the department and the employment of professional and staff personnel." S.C. Code Ann. § 44-9-30(C). The statute does not give SCDMH "unbridled, uncontrolled or arbitrary power," and therefore does not delegate legislative powers. Plaintiff's objection is without merit.

C. First Amendment Retaliation Claim

The Magistrate Judge determined Plaintiff failed to establish his complaints against Dube were a substantial or motivating factor for any of the decisions she made, or which were made by

6

other employees of Wellpath. The Magistrate Judge observed Plaintiff's allegations regarding being assigned to a less restrictive environment were based on Dube's concerns about Plaintiff's interactions with a resident within the desired dorm. (*see* ECF No. 72, 15). According to the Magistrate Judge, there is no evidence in the record Dube took any action that adversely affected Plaintiff's First Amendment rights.

In his objections, Plaintiff reiterates the arguments set forth in his complaint and response to Defendants' motion for summary judgment. Plaintiff contends that Dube presented a false affidavit to the court; other inmates were treated differently for the same conduct he was accused of; and Dube is the only person who could approve his reassignment to a different facility. Plaintiff also alleges the Magistrate Judge improperly weighed competing affidavits.

According to Defendants, however, the materials "Plaintiff considers to be evidence are documents and 'declarations' that either were never produced, are grossly untimely, are not notarized, lack any showing of competency, are not presented in a form that would be admissible at trial, are not based on personal knowledge, or are unsworn." ECF No. 81, 4. At the summary judgment stage, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [nonmovant's] favor." *Graves v. Haywood*, No. 5:19-CT-3043-FL, 2022 WL 945598, at *2 (E.D.N.C. Mar. 29, 2022) (citing cases). Nevertheless, "'permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture.'" *Id.* (quoting *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982)). The court concludes Plaintiff has not met his burden of "'com[ing] forward with specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Plaintiff's objection is without merit.

7

D.     Due Process Claims

As the Magistrate Judge recounted, Plaintiff challenges the following as violations of his Fourteenth Amendment Due Process rights: (1) understaffing, underfunding, and inadequate food; (2) inadequate COVID-19 precautions; (3) treatment suspension; and (4) inclusion of sexual allegations in his 2020 treatment summary.  Because Plaintiff is civilly committed as a resident of the SVPTP,

> he is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22 [] (1982).  While incarcerated prisoners are entitled to a certain level of care under the Eighth Amendment, individuals who have been civilly committed are entitled to certain care under the Due Process Clause of the Fourteenth Amendment.  *Patten v. Nichols*, 274 F.3d 829, 836-37 (2001); *see also Youngberg*, 457 U.S. at 315-16 [].  Among those due process rights to which civilly committed individuals are entitled is a right to safe and adequate food.  *Youngberg*, 457 U.S. at 324 [] (noting that "adequate food, shelter, clothing, and medical care . . . are the essentials of the care that the State must provide" to involuntarily committed individuals).  Under the Due Process Clause, liability for the treatment of civilly committed individuals cannot be imposed for mere negligence; it can only be imposed when "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323 []; see also *Patten*, 274 F.3d at 842.

*Christian v. Magill*, 724 F. App'x 185, 187 (4th Cir. 2018).

With respect to understaffing, underfunding, and inadequate food, the Magistrate Judge determined that Plaintiff provided no evidentiary proof that the SVPTP is inadequately staffed or that there have been delays in medical care and provision of medication.  The Magistrate Judge further found Plaintiff failed to offer competent evidence to support his allegation he is not receiving the daily recommended nutritional value out of the small portions of food.

Plaintiff also contends Gaffney has made cuts to the program such that there have been delays in medical care and provision of medication, lack of funding for supplies for activities and

crafts, and residents having to purchase treatment materials. The Magistrate Judge concluded Plaintiff had not submitted evidence of egregious arbitrary conduct. ECF No. 72, 28 (quoting *Christian*, 724 F. App'x at 187) (observing the Due Process Clause "protects against only the most egregious, arbitrary governmental conduct—that is, conduct that can be said to shock the conscience.").

Regarding COVID-19 precautions, Plaintiff alleges Gaffney took no steps to filter the air circulating through the facility while it was on lockdown, which resulted in other residents testing positive for COVID-19 and being taken to the infirmary. The Magistrate Judge again found Plaintiff submitted no evidence to support his claim. To the contrary, Defendants submitted an affidavit of Jarad Anderson, formerly the security director and currently assistant facility administrator for Wellpath, who attests the SVPTP disseminated personal protective equipment, implemented quarantine and screening protocols, provided virus testing, distributed educational materials related to the virus, and provided vaccines once available. ECF No. 40, ¶¶ 11-13. Anderson further avers Plaintiff never tested positive for COVID-19. *Id.* ¶ 13.

Plaintiff reiterates the arguments made in the complaint, and argues that he was unable to submit evidence in support of his claim that the facility inadequately addressed the COVID-19 pandemic due to his limited law library access. Plaintiff again contends the Magistrate Judge improperly weighed the evidence, contrary to the rules governing summary judgment. The court concludes, however, the Magistrate Judge did not weigh the evidence, but instead found Plaintiff failed to submit competent, admissible evidence under Rule 56 that would establish a genuine dispute as to any material fact. Plaintiff's objection is without merit.

Finally, regarding Plaintiff's contention that he was denied treatment for an extended period of time, the Magistrate Judge discussed Wellpath's implementation of protocols to deal with the

disruptions caused by the COVID-19 pandemic. Treatment groups were replaced by on-unit sex offender specific programming led by the clinical staff; individual sessions with case managers were established; and residents were urged to self-quarantine. Once group sessions reconvened, they were conducted within the residents' respective living units as a safety precaution. The Magistrate Judge concluded Plaintiff received mental health treatment with reasonable practical modifications in light of the COVID-19 pandemic. The Magistrate Judge found no support in the record for a finding that Defendants were deliberately indifferent to Plaintiff's serious medical needs. *See Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (reciting test articulated in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), to establish deprivation of medical care under § 1983). Plaintiff again asserts the Magistrate Judge improperly weighed Plaintiff's evidence against Defendants' affidavit, "then overrode the plaintiff's evidence based on that affidavit." ECF No. 80, 24. For the reasons stated hereinabove, the court finds Plaintiff's objection to be without merit.

E.     Sexual Allegations

Plaintiff contends he was denied his freedom based on Dube placing an unsubstantiated sexual allegation in his treatment records. The Magistrate Judge determined Plaintiff has a strong liberty interest in not being detained. ECF No. 72, 38. The Magistrate Judge concluded Plaintiff failed to present any evidence he was subjected to constitutionally-insufficient procedures regarding his continued detention. The Magistrate Judge recounted that, pursuant to S.C. Code Ann. § 44-48-110, he must have an examination of his mental condition performed once every year. The Magistrate Judge found Plaintiff did not indicate in what way his annual review was constitutionally deficient beyond his argument Dube incorrectly included details concerning sexual allegations made against him that were subject to an ongoing investigation. As the Magistrate Judge made reference to, the 2020 treatment report described Plaintiff as:

- Admitting that he was engaged in "grooming" another resident whom he "loved;"

- That he "wanted to touch" and was "attached" to the resident with whom he denies he engaged in sexual misconduct;

- Having "dynamic risk for reoffense" that is "entrenched in [his] personality characteristics" and "inherent in his overall lifestyle choices and offending patterns;"

- Admitting "his tendency to be entitled, callous, interpersonally exploitative, and aggressive," although not "in a way that would suggest control, management, or amelioration of his risk";

- Having failed a polygraph test regarding prior sexual contact with minors and within the program; and

- As "continuing to engage in the same type of criminal, deviant, and inappropriate behaviors found in his prior community behavior and department of corrections behavior."

ECF No. 7, 36-37 (citing ECF No. 68-1, 42, 46–50).

Although Plaintiff contends the allegedly false sexual allegation formed the basis of his being deprived of his freedom, the chief psychologist who prepared the 2020 treatment report concluded:

> It is my opinion Mr. Ridley's mental abnormalities have not so changed and he remains likely to commit acts of sexual violence if released. He has significant treatment areas left unaddressed, the majority of which directly underlie his mental abnormalities. Current records suggest Mr. Ridley is continuing to engage in the same type of criminal, deviant, and inappropriate behaviors found in his prior community behavior and department of corrections behavior. He appears motivated to convince himself and others he has progressed, changed, or otherwise found healthy outlets for prior deviancy, though this is not supported by the record.

ECF No. 68-1, 50.

Plaintiff's objection is without merit

F.    Equal Protection Claim

The Magistrate Judge concluded Plaintiff failed to submit evidence sufficient to show he was

11

treated differently from others with whom he was similarly situated. Plaintiff does not address the Magistrate Judge's discussion of this claim. The court has reviewed the record for clear error and finds none.

## CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 40) is **granted**. Defendants' motion to dismiss (ECF No. 31) is **denied as moot**. To the extent Plaintiff raises any state law claims, the court declines to exercise jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 31, 2022